STATE OF NEVADA, Appellant, v. H. W. SALES, Respondent.

There is no such crime known to the law as an *attempt* to commit embracery. Embracery is itself but an attempt to do a wrong. There can be no indictment for an *attempt* to *attempt*.

To attempt to commit a crime is itself a crime at Common Law; but this cannot apply to the crime of embracery.

It is also a crime at Common Law to solicit another to commit either a felony or misdemeanor; and whatever is a crime at Common Law is punishable under our statute. It is a crime to solicit another to commit embracery. It is a crime in A to solicit B to attempt to corrupt a juror.

APPEAL from a decision of the District Court of the Seventh Judicial District, Hon. W. H. BEATTY presiding.

The facts are stated in the Opinion.

The State *v.* Sales.

*H. Mayenbaum*, for the Defendant.

The defendant was not guilty of embracery. He did not attempt to corruptly influence a jury.

He was not guilty of any attempt to commit a crime known to the law. He only proposed to another to commit an offense against law. A mere proposal to commit an offense does not amount to an attempt. (*March & Guivits* v. *The People*, 7 Barb. p. 391; Bouvier's Law Dic., "Attempt"; *People* v. *Murray*, 14 Cal. p. 160.)

*B. P. Rankin*, District Attorney of Lander County, for the State.

Opinion by LEWIS, C. J., full Bench concurring.

The indictment in this action charges the defendant with "the crime of an attempt to commit the crime of embracery." The facts set out in the bill to support this charge are substantially as follows:

The defendant, whilst acting as a juror in a certain civil action pending in the District Court for the County of Lander, approached one of the attorneys in the cause and offered to secure and return a verdict for the defendant for the sum of one hundred dollars. There is no charge that he was corruptly influenced, or that he attempted in any way corruptly to influence his fellows. The substance of the indictment is an offer to secure a verdict for the defendant in the action for a sum of money. To this indictment the defendant put in a general demurrer, which was sustained, and the case was re-submitted to the Grand Jury. The only question presented to this Court for determination is whether the facts detailed in the indictment constitute an indictable offense. Whilst we are inclined to the belief that the defendant might be held under a proper indictment, we do not think the bill presented to us in this record charges the defendant with any crime known to the law. Embracery is defined to be an attempt by either party, or a stranger, to corrupt or influence a jury, or to incline them to favor one side by gifts or promises, threats, or persuasions, or by instructing them in the cause, or any other way, except by opening and enforcing the evidence by counsel at the trial, whether the jurors

give a verdict or not, and whether the verdict be true or false. ( *Gibbs* v. *Dewey*, 5 Cowen R. 503 ; 1 Bouvier's Law Dict., Embracery ; Statutes of Nevada for 1861, Sec. 112, p. 79.) There is no such crime specifically recognized, either at Common Law or by the statutes of this State, as that of an attempt to commit embracery. As the crime itself consists of a mere attempt to do an act or to accomplish a result, it is difficult to comprehend how there can be an *attempt* to commit such crime. Any attempt or effort corruptly to influence a juror, whether it be successful or not, is itself embracery. The crime may be committed though the object of the embracer be not accomplished, and his only act consists of an attempt to carry out a corrupt purpose. If, therefore, there be any act done to carry out such corrupt purpose, whether it be successful or not, such act would be sufficient to constitute the crime of embracery. Hence it would seem there can be no such specific crime as an attempt to commit embracery.

In other words, there can be no indictment for an attempt to commit a crime which crime itself is but an attempt to do a criminal act. It is a general rule of the Common Law that an attempt to commit a crime is itself a crime, but in our opinion, from the very nature of the crime of embracery, there can be no attempt to commit it. However, notwithstanding the demurrer to the indictment was well taken, we see no reason why the defendant might not be indicted and punished for soliciting and inciting another to commit the crime of embracery, if it can be shown that he did so.

The Common Law made it an indictable offense to solicit another to commit a felony or misdemeanor. (1 Russell on Crimes, 46.) In *Rex* v. *Higgins*, 2 East. R. 5, it was held that to solicit a servant to steal his master's goods was a misdemeanor, though it was not shown that the servant stole the goods, nor that any other act was done except the soliciting and inciting. In delivering his opinion in that case, Lord Kenyon says : "But it is agreed that a mere intent to commit evil is not indictable without an act done ; but is there not an act done when it is charged that the defendant solicited another to commit a felony ? The solicitation is an act, and the answer given at the bar is decisive that it would be sufficient to constitute an overt act of high treason." So Le Blanc,

J., in the same case, says: "It is contended that the offense charged in the second count, of which the defendant has been convicted, is no misdemeanor, because it amounts only to a care, wish, or desire of the mind to do an illegal act. If that were so, I agree that it would not be indictable. But this is a charge of an act done, namely, an actual solicitation of a servant to rob his master, and not merely a wish or desire that he should do so. A solicitation or inciting of another, by whatever means it is attempted, is an act done, and that such an act done with a criminal intent is punishable by indictment has been clearly established by the several cases referred to." Whatever was a crime at Common Law is also punishable by Section 151, p. 88, of the Statutes of the State of Nevada, which declares that "all offenses recognized by the Common Law as crimes, and not herein enumerated, shall be punished in cases of felony by imprisonment in the Territorial Prison for a term of not less than one year nor more than five years, and in case of misdemeanors, by imprisonment in the County Jail for a term not exceeding six months nor less than one, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment."

Under this view of the law, if the defendant solicited the attorney to employ money to corruptly influence the jury, he is indictable for inciting or soliciting another to commit the crime of embracery. But the indictment in this case does not sufficiently charge such an offense. The Court below, therefore, ruled correctly in sustaining the demurrer, and in re-submitting the case to another Grand Jury.

Judgment affirmed.