Hillsborough, }
June 30, 1903. }.

### GERRISH v. WHITFIELD & a.

In an action for negligence in locating and operating a steam sawmill, whereby the plaintiff's dwelling-house was destroyed by fire, evidence tending to show that sparks might be carried from such a mill to a point more distant than the buildings in question is a part of the plaintiff's case, the whole of which he is required by rule of court to submit before resting.

In such action, a verdict and judgment establishing freedom from fault on the part of the defendant by whom the mill was operated are binding and conclusive as between the plaintiff and other defendants of record who participated in the trial, and in whose favor a nonsuit was ordered at the close of the plaintiff's evidence.

Whether justice requires that a plaintiff who has rested his case shall thereafter be permitted to introduce evidence not strictly rebutting, is a question to be determined by the trial court.

CASE, for negligence in locating and operating a portable steam sawmill, whereby the plaintiff's dwelling-house and property were destroyed by fire. Trial by jury. Transferred from the September term, 1902, of the superior court by *Stone*, J.

The property destroyed was located 430 feet from the mill. The defendants Patch, Fletcher, and Brooks, as partners, had bought of the plaintiff certain lots of lumber, and let the sawing to the other defendant Whitfield, who was not a partner, at a stipulated price per thousand feet. Whitfield owned and operated the mill; but Patch selected the location for the mill, and paid the rental for the ground where it was placed.

One of the plaintiff's witnesses testified upon cross-examination that he had never known sparks from pine wood to be carried over

one hundred feet so as to set any fire. The same witness, who was a brother of the defendant Whitfield, testified to the same effect upon direct examination, as a witness for the defendants. Evidence offered by the plaintiff upon rebuttal, that such a mill as Whitfield's had thrown live sparks and cinders from five to six hundred feet, was excluded as not rebutting, and the plaintiff excepted.

At the close of the plaintiff's evidence the defendants Patch, Fletcher, and Brooks moved for a nonsuit as to them, upon the ground that upon the evidence Whitfield was an independent contractor, and that the negligence complained of, if any, was the negligence of Whitfield. The motion was granted, subject to the plaintiff's exception. There was a verdict for the defendant Whitfield.

*George F. Jackson* and *Doyle & Lucier*, for the plaintiff.

*Brown, Jones & Warren*, for the defendants.

PARSONS, C. J. The only exception bearing upon the verdict found by the jury in favor of the defendant Whitfield is that taken by the plaintiff to the exclusion, as not rebutting, of evidence offered by her after the close of the defendant's case. This evidence tended to show that fire might be communicated from such a mill as the defendant Whitfield's to buildings situated at no greater distance than the plaintiff's, and therefore, if otherwise competent, had some tendency to sustain the plaintiff's claim that fire had been so communicated in this instance. Such evidence was part of the plaintiff's case, the whole of which the rule required her to submit before resting. Rule of Court, No. 50; 56 N. H. 589. Whether under the circumstances of the case justice required that the rule should be relaxed in her favor, is not a question of law, and the exception to the ruling of the superior court presents nothing for decision by this court. *King* v. *Bates*, 57 N. H. 446, 448. The defendant Whitfield is therefore entitled to judgment.

The verdict and judgment establish that the injury to the plaintiff—the burning of her buildings—was not occasioned by the negligent operation of the mill by Whitfield, whether such negligence consisted in operating such a steam-mill in that situation, or in the careless conduct of the business. As the other defendants, Patch, Fletcher, and Brooks, not only had notice of the suit and an opportunity to defend, but were parties upon the record and did in fact participate in the defence, the facts judicially determined therein are binding and conclusive as between them and

the plaintiff. *Boston & Maine R. R.* v. *Brackett*, 71 N. H. 494; *Gregg* v. *Company*, 69 N. H. 247. What would be the effect of a judgment for the defendant in a suit against Whitfield alone, of which the defendants Patch, Fletcher, and Brooks had no notice, in a subsequent suit against them by the plaintiff for the same negligence charged against Whitfield alone, it is not necessary to inquire. See *Emery* v. *Fowler*, 39 Me. 326,—63 Am. Dec. 627; *Castle* v. *Noyes*, 14 N. Y. 329; 1 Freem. Judg. (4th ed.), *s.* 179. As Whitfield's negligence was not the cause of the plaintiff's injury, whether the other defendants would or not be liable for such negligence is not material in this controversy, and there is no occasion to inquire as to the validity of the verdict ordered for them upon this issue, or to examine into any rulings bearing upon the question of such liability.

The rule in *Fletcher* v. *Rylands*, L. R. 1 Exch. 265, upon which the plaintiff relies, is not understood to be the law in this jurisdiction (*Brown* v. *Collins*, 53 N. H. 442); but if this impression were incorrect the result would be no different. At the time complained of Whitfield was in possession and occupation of the land leased by Patch for the mill location. If the landowner's duty required him at his peril to keep upon his own premises all dangerous substances there collected by him, this duty rested on Whitfield, who employed fire upon his premises in the operation of the mill. Under this view of the law, the verdict of the jury must have been founded upon the finding of the fact that the buildings were not set on fire by sparks from the mill—a fact fully as fatal to the maintenance of the plaintiff's suit as a finding that the injury was not due to the negligent operation of the mill.

*Exceptions overruled: judgment for the defendants.*

All concurred.