Strafford,
Nov. 7, 1905.

## HALLWOOD CASH REGISTER CO. v. ROLLINS.

If evidence in rebuttal contradicts the defendant's claim without alleging
new substantive facts, testimony in mere denial thereof is not admissible
in surrebuttal as a matter of legal right.

Where a machine has been operated by witnesses in the presence of the jury,
its operation by counsel in the course of argument, accompanied by com-
ments warranted by the evidence, is not objectionable.

ASSUMPSIT, for the price of a cash register. Trial by jury and
verdict for the plaintiffs. Transferred from the February term,
1905, of the superior court by *Peaslee*, J.

The plaintiffs introduced evidence of a written contract of sale,
and rested. The defendant introduced evidence tending to show
that he had certain talks with the plaintiffs' agent in regard to the
machine before he opened his place of business, as bearing upon
the question of fraud and rescission. In rebuttal, the agent testi-
fied that the talks were after the saloon was opened, that there
was money in the register, and that a customer bought a cigar.
The defendant then offered evidence that there was no money in
the register at the time or times referred to and that no one bought
a cigar there, as the agent testified. The evidence was excluded,
subject to exception.

After the defendant rested, the plaintiffs introduced evidence
tending to prove that the conversation with their agent occurred
in the afternoon. The defendant then offered to show the time
of day it occurred, by a witness who had already testified on cross-
examination that it was early in the morning. The evidence was
excluded, and the defendant excepted.

During the trial the machine was operated by the plaintiffs'
agent and by the defendant. In his argument to the jury, the
plaintiffs' counsel operated the machine and commented upon the
manner in which the defendant tried to operate it. To this the
defendant excepted.

*Mitchell & Foster*, *John Kivel*, and *George T. Hughes*, for the
plaintiffs.

*William S. Pierce* and *Orrin R. Fairfield*, for the defendant.

WALKER, J. It appears that at the trial it was material to
determine whether the defendant had begun doing business in his
saloon when the plaintiff's agent called on him, and whether he

was then using the cash register. Evidence of the existence of these facts had some tendency to show that the defendant was satisfied with his purchase of the register and had not been defrauded by the plaintiff, as he claimed, and it was received in answer to the defendant's evidence upon the issue of fraud. It did not constitute a new substantive position on the part of the plaintiff, but merely tended to deny the defendant's claim of fraud. The proffered evidence of the defendant in denial of the plaintiff's evidence was not, therefore, strictly in rebuttal or surrebuttal, and the defendant had no absolute right to its reception at that stage of the trial. Rule of Court, No. 50,—56 N. H. 589; Rule of Court, No. 45,—71 N. H. 683; *Gerrish* v. *Whitfield*, 72 N. H. 222. The exclusion of the evidence under the circumstances presents no error of law. *King* v. *Bates*, 57 N. H. 446, 448. For similar reasons the defendant was not entitled as a matter of legal right to introduce further evidence to show the time of day the plaintiff's agent called on him.

The remarks of the plaintiff's counsel in his argument to the jury and his operation of the machine, authorizing the conclusion that the plaintiff did not defraud the defendant, were, so far as appears from the case, based upon the evidence, and were legitimate.

*Exceptions overruled.*

All concurred.