Rockingham, }
Dec. 6, 1938. }

STATE *v.* JAMES F. GOONAN.

*Stephen M. Wheeler*, County Solicitor (by brief and orally), for the State.

*John W. Perkins* (by brief and orally), for the defendant.

MARBLE, J. The statutory provisions here involved (P. L., c. 386, ss. 5, 6) are as follows:

"5. *Bigamy, etc.* If any person having a husband or wife alive shall marry or cohabit with any other person, such person so marrying or cohabiting shall, except in the cases specified in the following section, be punished as in case of adultery.

"6. *Exception.* The provisions of the preceding section shall not extend to any person whose husband or wife shall be absent, and shall not have been heard of or from for the space of three years together, or who shall be reported and generally believed to be dead, nor to any person legally divorced, nor where the former marriage took place within the age of consent."

Although there is some conflict on the subject, the weight of authority favors the view that it is no defence to an indictment for bigamy that the defendant at the time of his alleged bigamous marriage believed in good faith and on reasonable grounds that he had been

legally divorced from his first wife, when in truth no valid decree of divorce had ever been granted. 2 Wharton, Crim. Law (12th *ed.*), *s.* 2077; 10 C. J. S. 367, 368; Annotation, 57 A. L. R. 792.

While it may be true, as Bishop asserts, that in the interpretation of criminal statutes one of the "common forms of blundering" is to assume that if a statute "says nothing of mistake of fact, the courts cannot except a case of such mistake out of its operation" (1 Bishop, Crim. Law, (9th *ed.*), *s.* 304), it by no means follows that a particular statute, by reason of its language and general purpose (*State* v. *Downes*, 79 N. H. 505), may not be fairly interpreted as making an act a crime without making a guilty knowledge one of the essential ingredients of the crime. *State* v. *Cornish*, 66 N. H. 329, 330.

"The general rule of law is that a person cannot be convicted in a proceeding of a criminal nature unless it can be shewn that he had a guilty mind. In *Cundy* v. *LeCocq* [1884], 13 Q. B. D. 207, at *p.* 210, *Stephen*, J., however, says: 'In old time, and as applicable to the common law or to earlier statutes, the maxim (*actus non facit reum, nisi mens sit rea*) may have been of general application; but a difference has arisen owing to the greater precision of modern statutes. It is impossible now . . . to apply the maxim generally to all statutes, and the substance of all the reported cases is that it is necessary to look at the object of each Act that is under consideration to see whether and how far knowledge is of the essence of the offence created'. . . .

"In many statutes . . . the intent is indicated by the use of such words as 'maliciously,' 'fraudulently,' 'wilfully,' 'negligently,' or 'knowingly'." *The King* v. *Brinkley*, 14 Ont. L. R. 434, 446.

In this jurisdiction the question whether criminal intent is a necessary element of a statutory offense is one of statutory construction (*Coutremarsh* v. *Metcalf*, 87 N. H. 127; *Bowdler* v. *Company*, 88 N. H. 331, 332), and the enumeration in Section 6 of the defences to which a person charged with the crime of bigamy is entitled would, on the general principles governing such construction, exclude all others. *Howe* v. *Howe*, 87 N. H. 338, 340, 341. See, also, *People* v. *Spoor*, 235 Ill. 230, 232; *State* v. *Hendrickson*, 67 Utah 15, 23. In short, had it been the intention of the legislature to include in the list of exceptions any person entertaining a reasonable belief that he has been legally divorced, it is unlikely, in view of "the public concern for the stability of marriage" (*Heath* v. *Heath*, 85 N. H. 419, 428), that such legislative purpose would have been left to implication. See *Pfefferkorn* v. *Lewis*, 80 N. H. 518, 520.

"In the case of the second exception there is no indication in the

statute that any presumption or belief is to afford any defence; the words do not admit of any such qualification and the only defence under this head appears to be that the accused has in fact been divorced from the bond of the first marriage. If he has not, then at the time of the second marriage he is a person who, being married, intends to do the act forbidden by the statute—namely, 'to marry during the life of the former wife'." *The King* v. *Wheat,* [1921] 2 K. B. 119, 125.

Various other exceptions have been allowed, but none of them have been argued. All appear to be without merit.

*Exceptions overruled.*

BRANCH, J., was absent: the others concurred.