Hillsborough, } No. 3024.
Feb. 7, 1939. }

## EUGENE E. FERRIS *v.* JOSEPH SAULNIER.

*Robert B. Hamblett* and *Robert W. Upton* (by brief and orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Jeremiah J. Doyle* (*Mr. Wyman* orally), for the defendant.

WOODBURY, J. Counsel for the plaintiff contends that the portion of his argument to which objection was made was intended by him to have reference not to the hiring of detectives and experts in the abstract but to the hiring of the particular detectives and experts employed by the defendant, and that these men were shown by their own testimony, by their manner on the stand, and by evidence introduced to contradict them, to be persons so wholly unworthy of belief as to discredit not only themselves but also those who employed them. In other words, he contends that the statement objected to was only an elaboration of his previous assertion "that there hasn't been any real defense made in this case on the issue of liability," and that this remark being only "An assertion in argument, as a fact, of an inference fairly deducible from evidence is not a ground for setting aside a verdict." *Roberts* v. *Hillsborough Mills*, 85 N. H. 517, 524. Interpreted in this way the argument was clearly permissible, and we cannot say that the words used considered in their context are incapable of this meaning.

On the other hand, those words may also be interpreted as did the defendant. They can be taken to mean that a vigorous defense on the issue of damages warrants the inference that the defendant lacks confidence in his defence on the issue of liability. So interpreted, the argument is one not here permitted (*Mann* v. *Company, ante* 1) and, since the court allowed it to stand, it is sufficient to compel the setting aside of the verdict. *Salvas* v. *Cantin,* 85 N. H. 489, 491. Since this interpretation of the argument renders it prejudicial as a matter of law, "The denial of the motion to set aside the verdict because of prejudice does not help the plaintiff." *Bruton* v. *Corporation,* 87 N. H. 304, 305.

It is impossible to say which interpretation was put upon the remarks of plaintiff's counsel by the jury. Under these circumstances the defendant's requested instruction should have been given, (*Maravas* v. *Corporation,* 82 N. H. 533, 536 and cases cited) and the fact that the request was made after the arguments had begun does not justify the court in denying it under Rule 52 of the Superior Court. *Nicholaides* v. *Wallace,* 86 N. H. 465, 467.

There is no unfairness to counsel for the plaintiff in the above procedure. He knew at the time when his remarks were made of the interpretation put upon them by opposing counsel. He could then have explained to the jury what he meant by the words objected to, he could have withdrawn them and asked the court to instruct the jury to pay no attention to them, or he could have later joined in the defendant's requested instruction. But, instead of attempting in any way to correct a possible misinterpretation of his words of which he was promptly informed, he chose to remain silent. Under these circumstances he may not be heard to complain of an order granting the defendant a

*New trial.*

All concurred.