Strafford,
No. 4873.

JOSEPH BERNARD *v.* THEODORE A. RUSSELL.

Argued October 4, 1960.

Decided October 28, 1960.

*Fisher, Parsons & Moran* and *Robert A. Carignan* (*Mr. Moran* orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the defendant.

KENISON, C. J. The plaintiff's appeal is based on the contention that the jury "fell into a plain mistake" and that this may have been caused by the Trial Court's instructions to the jury on contributory negligence. The defendant's position is that the Trial Court did too much for the plaintiff in its charge on contributory negligence, while the plaintiff claims that the Court did too little. For reasons which will appear, we think the Trial Court correctly attained a common ground without prejudice to the rights of either party.

"The whole theory of negligence presupposes some uniform standard of behavior . . . The courts have dealt with this very difficult problem by creating a fictitious person, who never has existed on land or sea: the 'reasonable man of ordinary prudence.' " Prosser, Torts (2d *ed.* 1955) *p.* 124. The standard is essentially an objective one (Seavey, Negligence — Subjective or Objective, 41 Harv. L. Rev. 1) and the reasonable man is described by various phrases all having the same intrinsic meaning, such as a man of average prudence (*Davis* v. *Railroad,* 68 N. H. 247) or the average man of ordinary prudence (*Charbonneau* v. *MacRury,* 84 N. H. 501). For a description of the reasonable man in a lighter but not inaccurate vein, see A. P. Herbert, Uncommon Law (7th *ed.* 1952) *pp.* 1-6. However, the standard has been flexible enough in the case of aged and physically disabled persons to bend with the practical experiences of everyday life. The law does not demand that the blind shall see, or the deaf shall hear, or that the aged shall maintain the traffic agility of the young.

In the new section 283C of Restatement (Second), Torts (Tent. Draft 1959), the rule is stated as follows: "If the actor is ill or otherwise physically disabled, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable man under like disability." Thus the standard of conduct for a blind man becomes that of a reasonable man who is blind. This

is not a different standard from that of the reasonable man but an application of it to the special circumstances of the case. Restatement (Second), Torts, s. 283C, *comment* a (Tent. Draft 1959).

While our cases have not discussed in detail the standard for adults with physical infirmities they have consistently recognized that these physical defects are circumstances to be considered in the application of the general rule of reasonable conduct. *Sleeper* v. *Sandown*, 52 N. H. 244, 252; *Charbonneau* v. *MacRury*, 84 N. H. 501, 512; see also, *Bellemare* v. *Ford*, 94 N. H. 38, 39, involving an aged and lame pedestrian.

The jury were advised by the Presiding Justice in his charge to consider the plaintiff's physical condition, the manner in which he crossed the street and the plaintiff's age and condition in life. As we read the charge as a whole it was not unfavorable to the plaintiff's case and is consistent with our cases in allowing age and physical disabilities to be considered as circumstances on the issues of negligence and contributory negligence. *Clark* v. *Temple*, 86 N. H. 170.

We recognize that plaintiffs have recovered verdicts in cases like the present (*Clark* v. *Temple, supra*) and in other cases which had some similar features to the present case. *Colburn* v. *Normand*, 96 N. H. 250; *Lincoln* v. *Tarbell*, 98 N. H. 153. However, uniformity in verdicts is not a jewel in the crown of the jury system and the only thing that the appellate court can do is to review the evidence to see if the verdict is one that the jury is entitled to reach. In this case the jury could have found either that the plaintiff was guilty of contributory negligence for a man with his disability or the defendant was free from negligence, and we cannot say that the evidence compelled a different result. *Patten* v. *Newton*, 102 N. H. 444.

*Judgment on the verdict.*

All concurred.