Hillsborough,
No. 5562.

STATE

*v.*

GERALD P. DAVIS.

Argued February 7, 1967.
Decided May 23, 1967.

*George S. Pappagianis*, Attorney General, *Norman E. D'-Amours*, Assistant Attorney General, and *Emile R. Bussiere*, county attorney ( *Mr. D'Amours* orally ), for the State.

*William D. Tribble* and *Mrs. Helen White* ( *Mr. Tribble* orally ), for the defendant.

LAMPRON, J. Where, as in RSA 585:16, the statute does not expressly describe the female involved as one not the wife of the accused, it is not necessary for the State to allege or prove that the complaining witness was not the wife of the defendant. *People* v. *Walden*, 21 Ill. 2d 164, 168; 75 C.J.S., Rape, *s.* 38, *p.* 501. If they were in fact husband and wife, which would prevent the intercourse from being unlawful, this would be a matter of defense. 44 Am Jur., *s.* 44, *p.* 928. See Annot. 84 A.L.R. 2d 1017, 1019.

It is well established that an essential element of the crime of rape is sexual penetration. *State* v. *Bernatchez*, 159 Me. 384, 385; *Edmondson* v. *State*, 230 Md. 66, 67; Perkins, Criminal Law, *p*. 114. From the fact that the Trial Court did not return a verdict of guilty on the indictment charging the defendant with rape it is reasonable to conclude that actual penetration was not proved beyond a reasonable doubt. *Craig* v. *State*, 214 Md. 546, 549. We consider therefore defendant's contentions against the verdict of guilty of attempted statutory rape returned by the Court.

RSA 590:5 provides as follows: "ATTEMPT, MAJOR FELONIES: If any person shall attempt the commission of any offense for which the maximum punishment is imprisonment for twenty years or more [punishment for rape is not more than thirty years] he shall be imprisoned not more than ten years." Thus the Legislature has made an attempt to commit rape a distinct offense. *State* v. *Skillings*, 98 N. H. 203, 208. An attempt has been defined "'as any overt act done with the intent to commit a crime, which, except for the interference of some cause preventing the carrying out of the intent, would have resulted in the commission of the crime." 1 Wharton's Criminal Law (1957) *s*. 71, *p*. 152. "Or more briefly, an attempt is an intent to do a particular criminal thing, with an act toward it, falling short of the thing intended." *Nider* v. *Commonwealth*, 140 Ky. 684, 689.

It follows that the first requisite of a criminal attempt is an intent to do a particular thing which the law, either common or statutory, has declared to be a crime. *People* v. *Camodeca*, 52 Cal. 2d. 142, 145; 1 Wharton's Criminal Law (1957) *s*. 71, *p*. 152; 102 U. Pa. L. Rev., 464, 466. In this case it was necessary to prove that the defendant intended to have sexual intercourse with the complaining witness. *People* v. *Richardson*, 32 Ill. 2d 497, 502; 75 C.J.S., Rape, *s*. 28, *p*. 493. Direct proof of such an intent is "a difficult thing to establish, since it is the result of a mental process." *State* v. *Nathan*, 138 Conn. 485, 488. However it "may be inferred from conduct where it is plainly indicated as a matter of logical probability." Perkins, Criminal Law, *p*. 497; *State* v. *Nathan, supra*; 21 Am. Jur. 2d, Criminal law, *s*. 82, *p*. 164. The fact that defendant was ignorant of the age of the female or that he did not intend the intercourse to be with a girl of nonage would not prevent his act from

constituting rape if completed, or an attempt, if it failed. 2 Burdick, Law of Crime, *s*. 488, *p*. 242.

The second requirement of an attempt is proof of an overt act constituting a substantial step toward the commission of the crime intended. *People* v. *Richardson, supra*. In other words there must be an overt act directed to the commission of the crime intended, which goes beyond mere preparation and is apparently suitable for that purpose but fails to result in the commission of the intended crime. *State* v. *Skillings*, 98 N. H. 203, 208; *Duncan* v. *State*, 158 Me. 265, 275; *State* v. *Woodmansee*, 124 Vt. 387; *Franczkowski* v. *State*, 239 Md. 126, 127. "Preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement toward the commission" of the offense. Perkins, Criminal Law, *p*. 482.

Defendant has raised the issue "whether included in the charge of statutory rape, attempted statutory rape can be found to be a lesser included offense." It is clear from what has been said hereinbefore that the same intent to have sexual intercourse with the complaining witness, and the performing by the defendant of acts suitable to obtain the intended result, are necessary to sustain the charge of rape and that of attempted rape. If the intended result, sexual intercourse, is obtained, rape has been committed. If non-consummation of the intended result is brought about by the interference of some cause preventing its completion, an attempted rape is the outcome. Active prevention by the intended victim would be such a cause. 75 C.J.S., Rape, *s*. 28, *p*. 493; 102 U. Pa. L. Rev. 464, 468. Although an attempted rape has been made an offense distinct from rape punishable by a different penalty ( RSA 590:5 ) the attempt by its required intent and overt acts is not something separate and distinct from rape but is merely an incomplete act intended to be rape. Perkins, Criminal Law, *p*. 481. If the act had been completed, the attempt would have merged in the consummation of the intended crime of rape. As it failed of completion, the lesser offense of attempted rape could be found. 1 Burdick, Law of Crime, *s*. 147, *p*. 193.

The defendant also maintains that "since the crime of statutory rape is, in essence, an assault, and since an assault is, in essence, an attempt, there can be no crime of an attempt to commit an attempt." This argument has a long history. *Wilson* v. *Georgia*, 53 Ga. 205 ( 1874 ); *State* v. *Wilson*, 218 Ore. 575. It has been

said that this argument "tells us nothing and tends merely to divert the court's mind from the real issue" ( 40 Yale L. J. 53, 65 ); also that "the few cases which have wrestled with the problem disclose a tendency on the part of the courts to bog down in considerations of an abstract and speculative nature, which are not susceptible to precise analysis." Annot. 79 A.L.R. 2d 597, 598.

In endeavoring to void those pitfalls, we recognize that if the essence of a certain crime is the attempt to do a certain act there cannot be an attempt to commit the crime because it is committed whether or not the certain act is performed. Such a crime is an attempt to induce prostitution. *People* v. *Jelke*, 1 N. Y. 2d 321, 330. Embracery, which is an attempt to corrupt or influence a jury is another. *State* v. *Sales*, 2 Nev. 268. As to crimes of this sort it is true as argued by defendant that "there can be no crime of an attempt to commit an attempt."

However RSA 585:16 provides that a person who has sexual intercourse with a girl under the age of sixteen is guilty of rape. RSA 590:5 provides that if any person shall attempt the commission of an act such as rape he will be guilty of an attempted rape. Rape is the completed act, attempted rape is the intent and overt acts to complete the act which fall short of completion. We find no basis in logic or in fact to hold that the crime of attempted rape cannot be committed. *State* v. *Wilson*, 218 Ore. 575, 590; *Nider* v. *Commonwealth*, 140 Ky. 684. 689-691; 75 C.J.S., Rape, *s*. 28, *p*. 493.

Without reciting every detail of defendant's conduct we hold that on the record the Trial Court could find: ( 1 ) that the defendant intended to have sexual intercourse with the complaining witness who was under sixteen, ( 2 ) that he had so far proceeded in his intended course that without interruption rape would have resulted, ( 3 ) that penetration was prevented by the action of the girl involved. The verdict of guilty of attempted statutory rape was therefore proper.

*Exceptions overruled.*

All concurred.