Sullivan,
No. 6012.

PHILIP F. PERRY *by his mother
and next friend,* BLANCHE PERRY

*v.*

KENNETH F. FREDETTE.

BLANCHE PERRY

*v.*

KENNETH F. FREDETTE.

January 30, 1970.

*Goodnow, Arwe & Ayer* and *William N. Prigge* ( *Mr. Prigge* orally ), for the plaintiffs.

*Faulkner, Plaut, Hanna & Zimmerman* and *Stillman D. Rogers* ( *Mr. Rogers* orally ), for the defendant.

GRIFFITH, J. These cases arise out of a collision which occurred on July 30, 1963 on Route 12-A in Langdon between an automobile operated by the defendant and a bicycle operated by plaintiff Philip Perry. Plaintiff Philip Perry who was born on June 22, 1955 brought suit for personal injuries sustained in the

accident and his mother Blanche Perry for consequential damages. Trial by jury resulted in a verdict for the defendant. Plaintiffs' exceptions were reserved and transferred by the Trial Court ( *Loughlin*, J. ).

Plaintiffs' first exception arises out of objections of the defendant to plaintiff's argument and the Trial Court's rulings thereon. The argument of the plaintiff objected to and some of the colloquy was as follows: "To examine this case, you must place yourself in the place of Little Philip. You were once just past the age of eight years, or your eighth birthday, and at an age just past eight years in life is a lot different than it is now. There were not dangers of venturing into the streets, or the thoughts of death, or pain, or injury in your subconscious eight-year-old mind."

Upon objection and query from the Court counsel stated: "I am taking them back and placing them in the position as if they were eight-year old youngsters, as to what they might do."

Upon objection and statement by the Court that defendant's objection might be well-founded, and further colloquy, counsel said: "I am arguing that they go back to the age when they were eight years old." An objection by defendant was sustained but was followed shortly thereafter with: "And I think that it will assist you if you go back in your experience to an age when you were eight years old."

At this point defendant's counsel requested a bench conference. The Trial Court pointed out that counsel for the plaintiff was persistently reiterating an argument that had been ruled improper, that continuance of this conduct might result in a mistrial and that since plaintiffs' counsel inadvertently appeared to have taken no exception to the sustaining of defendant's objections to the argument the Court was now granting him one. Plaintiffs' counsel acquiesced in this and the argument proceeded with no further objectionable reference. Although requested by defendant's counsel at one point the Trial Court did not instruct the jury to disregard any of the argument.

It is assumed that the exception of the plaintiffs relates solely to the refusal of the Trial Court to permit him to continue and expand the argument since it was not stricken by order of the Court. The argument could be interpreted as an appeal to the jurors to determine how they individually would have acted as an eight year old boy and to judge plaintiff's conduct accordingly.

The standard of care applied to children and persons with

physical disabilities is more flexible than that applied to the adult without disabilities. Prosser, Torts ( 3d *ed.* 1964 ) *p.* 158; *Bernard* v. *Russell*, 103 N. H. 76, 164 A. 2d 577. However, neither the reasonably prudent child nor the reasonably prudent man is to be identified with the members of the jury, individually or collectively. Restatement, Second, Torts *s.* 283c. The continuation of this argument would have impressed upon the jury a standard in-correct in law and contrary to the correct instruction contained in the Court's charge. The Trial Court properly adopted a course calculated to prevent this error without overemphasis. See *Merchants Mut. Cas. Co.* v. *Smith*, 91 N. H. 204, 17 A. 2d 88.

The plaintiffs also excepted to refusal of the Trial Court to charge that there was no evidence upon which the jury could find the plaintiff Philip Perry guilty of contributory negligence. The evidence in this case was not included in the transferred case and we assume that, in accordance with plaintiffs' brief, the issue raised here is whether the plaintiff Philip Perry, who was eight years old at the time of the accident, was incapable of negligence as a matter of law. That is not the rule in this jurisdiction. *Hamel* v. *Crosietier*, 109 N. H. 505, 256 A. 2d 143. Accordingly the issue of Philip Perry's negligence was properly submitted to the jury.

*Plaintiffs' exceptions overruled;*
*judgment for defendant.*

All concurred.