Coos
No. 6711

NOELLA DONATO AND JOHN DONATO

v.

ADELARD BOUTIN

January 31, 1974

*Bergeron & Hanson* (*Mr. Arnold P. Hanson* orally) for the plaintiffs.

*Devine, Millimet, Stahl & Branch* (*Mr. Shane Devine* orally) for the defendant.

PER CURIAM. Actions at law seeking recovery of damages for personal injuries allegedly sustained by Noella Donato and for consequential damage incurred by her husband, John Donato, as a result of an automobile accident which occurred on November 28, 1966. A trial by jury with a view resulted in a verdict for Mrs. Donato in the amount of $27,000 and in a verdict for Mr. Donato in the amount of $3,500. During the course of trial, the defendant seasonably excepted to the denial of its motions for nonsuit and directed verdict, to a ruling of the court limiting evidence in surrebuttal and to the failure of the court to charge as

requested. *Loughlin,* J., reserved and transferred all questions of law related to the foregoing exceptions.

On November 28, 1966, at 1:45 p.m., plaintiff Mrs. Donato was operating her husband's automobile in a southerly direction on a two-lane highway in Berlin, New Hampshire. The weather conditions were clear, and the road was dry and free from snow. As she drove along the highway at a slow rate of speed, she observed a car about to back into her lane of travel from the defendant's driveway to her right. The car was operated by the defendant Boutin, and neither he nor his wife, who was a passenger, noticed the Donato car until it was practically upon them. The plaintiff applied her brakes and swerved to the left to avoid a collision, but in spite of her efforts, the defendant's car struck her vehicle on the right side. Although the defendant and his wife did not suffer any injury as a result of this accident, the plaintiff injured her back while turning the steering wheel to avoid the collision. The damage to the vehicles was relatively minor, and after reporting the accident to a policeman who arrived on the scene, both parties were able to continue in their respective cars to their destinations.

Shortly after the accident the plaintiff started having difficulty getting out of bed without help and experienced severe pain in her back, neck and head. Her doctor prescribed therapy, heat and drugs and treated her neck with a collar. The pain in her neck and head soon subsided, but that in her back continued. The injury was diagnosed as a tearing of the tissue and muscle which occurred when Mrs. Donato twisted to the left. As a consequence, the supportive muscles in the lower back were weakened permanently due to a congenital condition. Eventually, Mrs. Donato was admitted to a hospital for a week of therapy and was fitted for a brace.

While the plaintiff was not employed at the time of the accident because she was recovering from a knee operation, she began to work as a paper wrapper several months later and continued on the job for approximately fifteen months. During this period the injury in her back caused her great pain, and she was finally terminated because she took too much time off as a result of this pain. The plaintiff had worked for much of her adult life and intend-

ed to be employed until retirement age, but the injury to her back limited her employment opportunities.

The defendant first contends that the trial court erred in failing to instruct the jury that the plaintiff, Mrs. Donato, was physically disabled because of her knee operation and must conform to a standard of conduct of a reasonable person under a like disability. *See Bernard v. Russell,* 103 N.H. 76, 77-78, 164 A.2d 577, 578-79 (1960); Restatement (Second) of Torts § 283 c (1965). We cannot accept this argument because although the plaintiff was permanently prevented from doing heavy work as a result of the operation, there was no evidence at trial that this disability interfered with her driving so as to prevent her from effectively applying the brakes. Whether an instruction on a particular issue is necessary to assist the jury in making its determinations is within the sound discretion of the trial court, and we do not believe that this discretion was abused in this instance. *Allen v. State,* 110 N.H. 42, 45, 260 A.2d 454, 457 (1969); *Dane v. MacGregor,* 94 N.H. 294, 299, 52 A.2d 290, 293 (1947); *Colby v. Lee,* 83 N.H. 303, 307, 142 A. 688 (1928).

The defendant next claims that the trial court erred in failing to instruct the jury as requested that the speed of the defendant was not in issue. In particular, he argues that although no evidence was introduced at trial that the defendant negligently entered the highway at an excessive rate of speed, counsel for the plaintiffs raised the issue in the course of argument by remarking that Mrs. Donato's "speed was certainly not that of Mr. Boutin." We believe that this claim is without merit because the trial court did not instruct the jury that speed was in issue, and the remark of the plaintiffs' counsel merely suggested the defendant's car was travelling faster than the plaintiff's. Such a passing comment cannot be viewed as a subtle attempt to persuade the jury that the defendant was negligently operating at an excessive speed and is thus distinguished from the prejudicial statement by counsel in *Ferris v. Saulnier,* 90 N.H. 96, 97-98, 4 A.2d 651, 652-53 (1939), which raised an inference that could have been damaging to the defendant's case. As noted above, the trial court can exercise discretion to deny a request for unnecessary instructions, and we hold that he could have

reasonably concluded that the jury was not being misled as to the issues in the case.

The defendant further contends that the trial court's discretionary ruling in restricting his surrebuttal to matters introduced in rebuttal was erroneous. This claim is unsupportable. *Hallwood Cash Register Co. v. Rollins,* 73 N.H. 390, 391, 62 A. 380, 381 (1905); *Gerrish v. Whitfield,* 72 N.H. 222, 223, 55 A. 551, 552 (1903). *See also* Superior Court Rule 65 which states that "the defendant shall, before resting, put in his whole defense, and shall not thereafter introduce any evidence except such as may be in reply to the rebutting evidence." RSA 491:App. R. 65 (Supp. 1973).

The defendant finally argues that the court erred in allowing the issue of permanent disability to be considered as an element of damage without the introduction of evidence by way of mortality tables or by use of experts to establish her life expectancy. This contention was resolved by our recent decision in *Bromfield v. Seybolt Motors, Inc.,* 113 N.H. 525, 528, 309 A.2d 914, 916 (1973), which established that such evidence is not required.

*Defendant's exceptions overruled.*