Rockingham
No. 7639

THE STATE OF NEW HAMPSHIRE

v.

ALEXANDER D. BERRY

April 29, 1977

*David H. Souter*, attorney general, and *Peter W. Heed* (*Mr. Heed* orally), for the state.

*Griffin, Harrington, Brigham & Ritzo* and *Charles J. Griffin*, of Portsmouth (*Mr. Griffin* orally), for the defendant.

GRIMES, J.   In this appeal from his conviction for felonious sexual assault under RSA 632-A:3 (Supp. 1975) (statutory rape) defendant raises several issues including the failure of the trial judge to charge that delay in making a complaint by the victim was a factor to consider on her credibility, the sufficiency of the evidence and that RSA 632-A:3 (Supp. 1975) should be construed so as not to relate to sexually mature females under the age of sixteen years. Defendant was found guilty by a jury on March 17, 1976,

of felonious sexual assault on a fourteen-year-old girl. His exceptions were transferred by *Cann,* J.

The girl, Roberta Skinner, who is the complaining witness and who had just turned fourteen, ran away from a group home in Portsmouth on October 24, 1975. The next day she was introduced to the defendant by a friend, Susan, who was also a fourteen-year-old runaway. The meeting took place in the two-room apartment of one Nichols with whom defendant was staying. It was agreed that the girls could stay at the apartment. Roberta testified that she told defendant her age and "name and everything."

In the apartment there was a mattress on the floor in the living-room and a bed in the kitchen. Roberta testified that on the night of October 25, she had been drinking and passed out and remembered nothing until the next morning. On the 26th, which was Sunday, defendant left early to visit his girl friend but according to Roberta returned about seven o'clock that evening. She testified that defendant kept giving her beers and that she passed out. She next remembered waking up and finding defendant having intercourse with her. She also stated that Susan entered the room and saw defendant on top of her and that she then told defendant to get off and that she then either passed out or went to sleep.

The next afternoon the girls were apprehended at the apartment by two juvenile police officers. Roberta testified that she did not complain to the police for about a month, explaining on cross-examination that she was afraid at first but after being sent to the Youth Development Center and fearing she was pregnant she decided to complain. She also admitted that she blamed defendant and her mother for her trouble with the law. Susan testified that she saw defendant on top of Roberta under a blanket. Both girls were unsure of exact times or dates.

Defendant did not testify, but Nichols and one Moore testified that defendant did not return from visiting his girl friend in Maine until 11:30 to 12:00 on Sunday and that he stayed in the living room while Roberta stayed in the kitchen.

■ One of the juvenile officers testified that when he arrived at the Nichols apartment to apprehend the girls they both resisted and he noted that they had been drinking beer before his arrival and that there were numerous cases of beer in the room and there was the odor of beer on the breath of the girls. The admission of this testimony was not error as defendant contends. Both girls test-

ified to much drinking while they were at the apartment and this could account for their inability to fix exact times and dates, which was attacked on cross-examination. What the officer observed on Monday tended to corroborate their testimony regarding the drinking on the previous days.

■ Defendant excepted to the court's failure to give his requested instruction that the "delay in making a complaint by the alleged victim . . . is a factor to be considered in weighing her testimony and credibility." We find no merit in this exception. It is true that delay in making a complaint in a forceable rape case may be considered on the question of the credibility of the complaining witness and of her state of mind on the issue of consent. However, in the case of a child under the age of sixteen consent is not material. *State v. Lynch*, 94 N.H. 52, 45 A.2d 885 (1946). Whatever relevance delay may have with respect to credibility, it is purely a question of fact under the circumstances of the particular case.

■ It does not appear that defendant's counsel was prevented from arguing the inference he espoused and the trial court did not negate the inference. The jury was therefore free to consider it. It was within the trial court's discretion whether to give the requested instruction and we find no abuse of that discretion. *Donato v. Boutin*, 114 N.H. 65, 314 A.2d 677 (1974); *see Cleveland v. Reasby*, 92 N.H. 518, 33 A.2d 554 (1943).

■■ There is no error in the denial by the trial court of defendant's motion to set aside the verdict. In passing on this question the evidence must be considered in the light most favorable to the state, which is entitled to all reasonable inferences from it. *State v. Gilbert*, 115 N.H. 665, 348 A.2d 713 (1975). Although there were conflicts in the testimony and some inconsistencies, these were for the jury to resolve. *State v. Bergeron*, 115 N.H. 70, 333 A.2d 721 (1975); *State v. Reed*, 106 N.H. 140, 207 A.2d 443 (1965).

Defendant's final argument is that we should construe RSA 632-A:3 (Supp. 1975) so that it does not apply to sexually mature females under sixteen but only to emotionally and sexually immature females under that age. He argues that we should reach that conclusion because of RSA 625:3 (Supp. 1975) which provides that the rule that penal statutes are to be strictly construed does not apply to the code of which RSA 632-A:3 (Supp. 1975) is a

part but that all provisions "shall be construed according to the fair import of their terms and to promote justice." We reject defendant's argument.

■ There is nothing in the language of RSA 632-A:3 (Supp. 1975) or its history which gives the slightest indication that the legislature intended to have it apply only to females who were emotionally and sexually immature. Our statutory rape statutes have always applied to those under the age of consent regardless of their maturity and the fact that a female's apparent maturity may mislead a man into believing she is older than sixteen has been no defense. *State v. Davis,* 108 N.H. 158, 229 A.2d 842 (1967); *see State v. Meloon,* 116 N.H. 669, 366 A.2d 1176 (1976). If the legislature had intended to make such a drastic departure from our prior law as defendant suggests, we are sure it would have expressly said so.

*Exceptions overruled.*

DOUGLAS, J., did not sit; the others concurred.