Original
No. 78-088

ALBERT GOODROW, JR.

v.

EVERETT PERRIN, WARDEN

NEW HAMPSHIRE STATE PRISON & a.

June 27, 1979

*Eleanor S. Krasnow*, of Manchester, by brief and orally, for the plaintiff.

*Thomas D. Rath*, attorney general (*Andrew R. Grainger*, assistant attorney general, orally), for the State.

LAMPRON, C.J. This is a petition for a writ of habeas corpus. The plaintiff challenges the constitutionality of RSA 632-A:3 (Supp. 1977) (statutory rape law). We reject the plaintiff's arguments and accordingly deny the petition.

The plaintiff, Albert Goodrow, Jr., was indicted on October 28, 1976, by the Sullivan County Grand Jury. The charge read that he "[d]id purposely have sexual relations with B . . . R . . ., a minor child of fourteen years (14 years) when Albert Goodrow, the defendant, was twenty three (23) years old." The plaintiff pleaded guilty to this charge and the plea was accepted by the Superior Court (*Johnson*, J.). Sentence of not less than three years nor more than six years was imposed, and the plaintiff served his time in the New Hampshire State Prison. The plaintiff did not appeal his conviction and he was released on parole in October 1978. The plaintiff originally filed a petition for a writ of habeas corpus with the United States District Court for the District of New Hampshire. This petition was dismissed by the District Court because plaintiff failed to exhaust State court remedies. The present petition for a writ of habeas corpus was then filed in this court.

The plaintiff in his writ facially challenges the constitutionality of RSA 632-A:3 (Supp. 1977), which reads in pertinent part: "A person is guilty of a class B felony . . . if he engages in sexual penetration with a person who is thirteen years or older and under sixteen years." He puts forth two independent grounds for his assertion that the statute is unconstitutional. He argues that the statute, by imposing criminal liability without a culpable mind, infringes on his constitutionally protected privacy right to engage in consensual heterosexual intercourse; and, that the United States Constitution prohibits imposing criminal sanctions in the absence of culpability.

## I. *Right of Privacy*

By employing substantive due process analysis, the United States Supreme Court has recognized a fundamental right of personal privacy. *Griswold v. Connecticut*, 381 U.S. 479 (1965); *Moore v. City of East Cleveland*, 431 U.S. 494, 502–03 (1977). *See generally* Henkin, *Privacy and Autonomy*, 74 COLUM. L. REV. 1410 (1974). This protected zone of privacy broadly encompasses two different kinds of interests. "One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977). It is this latter aspect of privacy that is allegedly at issue in this case. "While the outer limits of this aspect of privacy have not been marked by the Court, it is clear that among the decisions that an individual may make without unjustified government interference are personal decisions 'relating to marriage, procreation, contraception, family relationships and child rearing and education.' " *Carey v. Population Services Inter.*, 431 U.S. 678, 684–85 (1977) (citations omitted). The Court in *Carey* stated that the zone of privacy encompasses the decision whether to bear or beget a child, and held that a State, lacking a compelling reason, may not deny adults access to contraceptives. Four Justices, with three other Justices concurring in the result, also concluded that minors have a similar right to purchase contraceptives. *Id.*

The plaintiff argues that these privacy decisions mandate a holding that private consensual heterosexual intercourse between adults is an activity that falls within the protected zone of privacy. This position is not without support. *See State v. Saunders*, 75 N.J. 200, 381 A.2d 333 (1977); *State v. Pilcher*, 242 N.W.2d 348 (Iowa 1976). *See generally* L. TRIBE, AMERICAN CONSTITUTIONAL LAW § 15-13 (1978); Note, *On Privacy: Constitutional Protection for Personal Liberty*, 48 N.Y.U. L.

REV. 670, 719–38 (1973). Nevertheless, in its 1976 October Term, the Supreme Court made it known that they had "not definitively answered the difficult question whether and to what extent the Constitution prohibits a state statute regulating [private consensual sexual] behavior among adults." *Carey v. Population Services Inter.*, 431 U.S. at 688 n.5 (brackets in original). *See also State v. Saunders*, 75 N.J. 200, 222, 381 A.2d 333, 343 (1977) (Schreiber, J. concurring). Therefore, we do not hold that such a privacy right exists but rather, we will proceed for the purposes of this opinion, on the plaintiff's assumption that private consensual heterosexual intercourse between adults is a right that falls within the protected zone of privacy and is thus protected by the fourteenth amendment due process guarantees. *See Carey v. Population Services Inter.*, 431 U.S. at 694 n.17.

█ Even though a right may be considered "fundamental," it does not mean that it is absolute. It "must be considered against important state interests in [its] regulation." *Roe v. Wade*, 410 U.S. 113, 154 (1973). The State, by enacting RSA 632-A:3 (Supp. 1977), has fixed the age at which a minor person may consent to sexual intercourse. In essence, this provision prohibits an adult, such as the plaintiff, from engaging in sexual intercourse with a person who is below the fixed age of consent. It is well established that the State "has an independent interest in the well-being of its youth." *Ginsberg v. New York*, 390 U.S. 629, 640 (1968). One reason for this heightened interest is the vulnerability of children to harm. Teitelbaum & Ellis, *The Liberty Interest of Children: Due Process Rights and Their Application*, 12 FAM. L.Q. 153 (1978); *see Prince v. Massachusetts*, 321 U.S. 158 (1944). Another reason for the State's concern is that minors below a certain age are unable to make mature judgments about important matters. As Justice Stewart stated in his concurring opinion in *Ginsberg v. New York*, 390 U.S. 629, 649–50 (1968), "a State may permissibly determine that, at least in some precisely delineated areas, a child—like someone in a captive audience—is not possessed of . . . full capacity for individual choice."

█ For these reasons, the State has broader authority in proscribing children's privacy rights and in proscribing adults' privacy rights, insofar as they impinge upon a child's welfare, than it would if only adults were concerned. *Carey v. Population Services Inter.*, 431 U.S. 678, 693 n.15 (1977); *State v. Coil*, 264 N.W.2d 293 (Iowa 1978); *cf. Dover News, Inc. v. City of Dover*, 117 N.H. 1066, 1070–71, 381 A.2d 752, 755–56 (1977) (State has valid interest in protecting morals of minors in obscenity matters). Indeed, government regulation in cases involving minors may be

permitted when the State can demonstrate a significant interest as opposed to the showing of a compelling interest needed to justify a restriction of the privacy rights of adults. *Planned Parenthood of Cent. Mo. v. Danforth*, 428 U.S. 52, 75 (1976). This State has a significant interest in protecting children from the sexual indiscretions of older teenagers and adults. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978). Therefore, even assuming that the plaintiff, as an adult, has a protected privacy right to engage in consensual heterosexual intercourse with other adults, we hold that he has no privacy right to engage in sexual intercourse with a person whom the legislature has determined is unable to give consent. *Id.; see Nelson v. Moriarty*, 484 F.2d 1034, 1035–36 (1st Cir. 1973).

## II. *Lack of Requirement of Scienter in Statute*

Even though the plaintiff has no privacy right to engage in consensual heterosexual intercourse with a minor under sixteen, he nonetheless argues that RSA 632-A:3 (Supp. 1977), because it lacks the requirement of scienter, "chills" his right to engage in consensual heterosexual intercourse with persons older than sixteen. In other words, he argues that adults will refrain from engaging in sexual activity with partners who can legally consent, for fear that they will be committing a criminal act. This fear will force persons in the plaintiff's position to steer too wide a course at the margin where lawful activity verges on proscribed activity.

Plaintiff relies on two Supreme Court cases, *Wieman v. Updegraff*, 344 U.S. 183 (1952) and *Smith v. State of California*, 361 U.S. 147 (1959), to support his argument. In each case, the Court struck down a nonvague State law that regulated unprotected expression but incidentally discouraged protected first amendment expression. The *Smith* Court struck down a law that imposed strict liability for the seller of obscene books. Although obscene literature is not protected by the first amendment, the Court reasoned that the statute required the bookseller to *know* the contents of his entire inventory, and thus the effect of the statute was to diminish the storeowner's stock, including protected unobscene literature. In *Wieman v. Updegraff*, 344 U.S. 183 (1952), the Supreme Court struck down a State loyalty oath statute because there was no requirement that a person *know* that he was a member of a subversive organization. The *Wieman* Court concluded that the effect of this law was "to stifle the flow of democratic expression." 344 U.S. 183, 191 (1952). Even though the statutes in

question were not vague, the Supreme Court required an element of scienter because first amendment freedoms were affected.

Plaintiff argues that the holding of *Smith* and *Wieman* must necessarily apply whenever federally guaranteed privacy rights are affected. We disagree; the Supreme Court has declared a statute invalid because a lack of scienter could conceivably affect protected rights only in cases in which first amendment rights were impinged. *See Anderson v. State*, 562 P.2d 351 (Alaska 1977). We are unwilling to extend the analysis in *Smith* and *Wieman* to this case.

The plaintiff argues, however, that the recent Supreme Court case of *Colautti v. Franklin*, 99 S.Ct. 675 (1979), compels us to reach a different result. The Supreme Court in *Colautti* was concerned with a vagueness challenge to a Pennsylvania abortion statute. The statute in question imposed criminal liability, without culpability, upon doctors who failed to try to save the lives of fetuses that may have been viable. The Supreme Court concluded that the words of the statute, and in particular the word viable, were vague and that this vagueness was compounded by the fact that the doctors were subjected to criminal liability without fault. It is important to note that the holding in *Colautti* did not require an element of scienter whenever privacy rights were regulated. The Court's focus on lack of scienter was based on the constitutional principle that a statutory requirement of guilty knowledge will clarify a vague statute. It was the vague statute, not the lack of scienter, that theoretically chilled the right of women to obtain abortions. In the case at bar, RSA 632-A:3 (Supp. 1977) is not vague. Therefore, the holding of *Colautti* is not applicable to the facts of this case.

The plaintiff further argues that the United States Constitution embodies a general principle of criminal responsibility (culpability) and because RSA 632-A:3 (Supp. 1977) requires no mental culpability, the law is unconstitutional. With respect to statutory rape laws, the argument that a perpetrator's reasonable albeit mistaken belief of the victim's age should be a defense is not new. This argument, however, has been almost universally rejected. *State v. Berry*, 117 N.H. 352, 373 A.2d 355 (1977); *State v. Davis*, 108 N.H. 158, 229 A.2d 842 (1967); *Nelson v. Moriarty*, 484 F.2d 1034 (1st Cir. 1973). *Contra, State v. Guest*, 583 P.2d 836 (Alaska 1978); *People v. Hernandez*, 61 Cal. 2d 529, 393 P.2d 673, 39 Cal. Rptr. 361 (1964). *See generally* Annot. 8 A.L.R.3d 1100 (1966). Recently, this court stated that, "[o]ur statutory rape statutes have always applied to those under the age of consent regardless of their maturity and the fact that a female's apparent maturity may mislead a man into believing she is

older than sixteen has been no defense." *State v. Berry*, 117 N.H. 352, 356, 373 A.2d 355, 357 (1977).

 The plaintiff argues that a confluence of federal constitutional provisions requires us to overrule our past decisions. It should be noted at the outset that we are not concerned with the wisdom of the present law's policy in view of today's sexual mores. Instead, we are concerned only with whether the current law violates the Constitution by not allowing for a defense of honest or reasonable mistake. We hold that it does not. By enacting the applicable portions of RSA 632-A:3 (Supp. 1977), the legislature has made the doing of an act a crime without *mens rea*. We believe that the legislature had the power to do so. A reasonable and honest belief that a person is over the age of consent is not a defense that arises to "constitutional dimensions." *Nelson v. Moriarty*, 484 F.2d 1034, 1035 (1st Cir. 1973). "The Supreme Court has never held that an honest mistake as to the age of the prosecutrix is a constitutional defense to statutory rape." *Id.* The plaintiff intended to have intercourse with this child and the burden was on him to determine her age or act at his peril. Accordingly, we reject the plaintiff's final argument.

In sum, we hold that even assuming that the plaintiff has a federal privacy right to engage in consensual heterosexual intercourse with adults, the right does not require the invalidation of RSA 632-A:3 (Supp. 1977). The reason is that the United States Constitution does not require us to permit the defense of an honest and reasonable mistake to a charged violation of the statutory provisions of RSA 632-A:3 (Supp. 1977).

*Petition for writ of habeas corpus is denied.*

DOUGLAS, J., dissented; the others concurred.

DOUGLAS, J., dissenting:

I believe that this case presents serious equal protection and due process problems under N.H. CONST. pt. I, arts. 1, 15. RSA 632-A:3 does not require knowledge of the victim's minority. This makes it unique under the Criminal Code. There is no rational basis upon which to distinguish this crime from other similar crimes.

For example, RSA 639:1 provides that a person is guilty of the crime of bigamy if, "having a spouse and *knowing* that he is not legally eligible to marry, he marries another." (Emphasis added.) Under RSA 639:2, a person is guilty of incest if he "marries or has sexual intercourse . . . with a person whom he *knows*" to be a relative.

(Emphasis added.) Acts of fornication, exposure, and gross lewdness are misdemeanors if performed "under circumstances which [the actor] should *know* will likely cause affront or alarm." RSA 645:1 (emphasis added). RSA 645:3 also includes knowledge as a requisite element of adultery. A person is guilty of a misdemeanor "if he *knowingly* endangers the welfare of a child under eighteen." RSA 639:3 (emphasis added).

These statutes all require scienter for two important reasons. First, the Criminal Code itself makes no distinction between crimes directed at minors or adults. It provides that a person is guilty of a felony or misdemeanor "only if he acts purposely, knowingly, recklessly or negligently . . . with respect to each material element of the offense." RSA 626:2 I. Culpability is required for an act to become a crime. For example, not all shootings are crimes even if the actor intended to pull the trigger. Depending on the knowledge or intent of the actor, some deaths are accidental and others are first-degree murders.

The majority states that the defendant "intended to have intercourse" with the victim. Nevertheless, the statute involved, unlike all other felonies in the Code which require scienter, does not require that he *know* her to be under the age of consent. Such a legislative classification violates equal protection of the laws. This violation can be easily cured by the legislature through the addition of "knowledge" as an element of the offense. Even incest, a more heinous crime, requires knowledge. RSA 639:2.

I also dissent on due process grounds because I cannot agree that the legislature is permitted to make an act a crime without requiring proof of criminal intent. At common law the general rule was that "'a person cannot be convicted in a proceeding of a criminal nature unless it can be shewn that he had a guilty mind.'" *State v. Goonan*, 89 N.H. 528, 529, 3 A.2d 105, 105–06 (1938), *quoting The King v. Brinkley*, 14 Ont. L. R. 434, 446. Blackstone said that a "vicious will" is necessary to constitute a crime. 4 W. BLACKSTONE, COMMENTARIES 21. In other words, "the mental is fundamental." Nord, *The Mental Element in Crime*, 37 U. DET. L.J. 671 (1960).

Under our system of law, I believe there can be no crime without *mens rea*. This court recently has required criminal intent in the common-law offense of criminal contempt. *State v. Linsky*, 117 N.H. 866, 379 A.2d 813 (1977). We have held that the imposition of vicarious criminal liability on parents of minors simply because they occupy the status of parents offends the due process clause of our State constitution. N.H. CONST. pt. I, art. 15. *State v. Akers*, 119 N.H. 161, 400 A.2d 38 (1979).

A similar statutory rape statute was analyzed in *State v. Guest*, 583 P.2d 836, 839 (Alas. 1978), in which the court stated, "where the . . . statute is not a public welfare type of offense, either a requirement of criminal intent must be read into the statute or it must be found unconstitutional." In England, the source of our law on the subject, "reasonable mistake of age has never been denied as a defense in an English statutory rape case," nor has the *mens rea* requirement been modified. Myers, *Reasonable Mistake of Age: A Needed Defense to Statutory Rape*, 64 MICH. L. REV. 105, 110 (1965). I find no reason to depart from the fundamental *mens rea* requirement of our law, and accordingly dissent.