Merrimack,
No. 4689.

STATE *v.* JAMES B. SULLIVAN.

Argued October 7, 1958.

Decided November 5, 1958.

*Louis C. Wyman*, Attorney General, *John J. Zimmerman*, Assistant Attorney General, and *Dort S. Bigg*, Law Assistant (*Mr. Bigg* orally), for the State.

*Broderick, Manning & Sullivan* (*Mr. Manning* orally), for the defendant.

LAMPRON, J. Although the right to vote or to be eligible to office is given constitutional protection (N. H. Const., Pt. I, *Art.* 11th) it is recognized "that the freedom of the elective franchise is subject to reasonable regulations established by the Legislature." *Wilkes* v. *Jackson*, 101 N. H. 420. RSA 70:6 (supp.) provides that "Each candidate at the primary . . . for . . . representative in congress . . . shall file statements before and after an election in like manner and detail of each receipt and expenditure." The words "in like manner" refer to section 5 of this chapter which requires that said statement be filed not later than the close of the business day on the Wednesday preceding the primary, in this case September 5, 1956.

Section 16 provides that upon receipt of a complaint of any violation of said chapter 70 "it shall be the duty of the attorney general . . . to investigate the complaint, and, if sufficient cause for a prosecution is found, to prosecute to final judgment." Prior to Laws 1955, *c.* 273, when said section 16 came into being, the equivalent section was RSA 70:13. This read "Upon the receipt of any such complaint, *if it shall appear that the act complained of was of a serious and deliberate nature,* it shall be the duty of the attorney general . . . to investigate the complaint . . . " (Emphasis supplied).

In interpreting the latter section, then P. L., *c.* 34, *s.* 12, this court in *Coutremarsh* v. *Metcalf,* 87 N. H. 127, 130, said "since section 12 makes it the duty of the attorney-general to prosecute only when it appears that 'the act complained of was of a serious and deliberate nature' it seems plain that the legislature did not intend that any person shall be subjected to a penalty for violation of this act unless an intent to violate the law is proved. The word 'deliberate' permits no other conclusion."

It is well settled in this jurisdiction that the Legislature may declare criminal a certain act or omission to act without requiring it to be done with intent. *State* v. *Cornish,* 66 N. H. 329; *State* v. *Yosua,* 91 N. H. 181. Its legislative history as well as its evident purpose are important factors in determining whether the Legislature so intended when it enacted the statute with which we are concerned here. *State* v. *Williams,* 92 N. H. 377, 378; *Newell* v. *Moreau,* 94 N. H. 439, 443; *Colby* v. *Fuller,* 96 N. H. 323, 325.

The holding in *Coutremarsh* v. *Metcalf, supra,* requiring an intent to violate the law was based on the words "serious and deliberate" and especially the latter which were contained in the statute at that time. These words were omitted from the equivalent provision in the revision made by Laws 1955, *c.* 273. Such an omission shows a legislative intent to change the previous judicial construction. 1 Sutherland, Statutory Construction (3d *ed.*) *s.* 1933, *pp.* 428, 429. *Cf. State* v. *Deane,* 101 N. H. 127, 130.

The evident purpose of RSA 70:6 (supp.) is to make available the required information at a time when it can serve the manifest objects of the statute. These are to provide ample opportunity for the voters and other interested persons to study and evaluate it prior to the day of the election. Also to give the Attorney General sufficient time to examine said returns and compel their compliance with the law as well as to investigate complaints of violations.

In view of its legislative history (*Newell* v. *Moreau, supra*) and its evident purpose (*State* v. *Folland*, 100 N. H. 188) we are of the opinion that the Legislature intended that a failure to comply with the clearly stated requirements of the statute pertaining to the filing of the required information would constitute a violation thereof even in the absence of criminal intent.

Section 17 of said chapter 70 provides that "Any person who alleges that any of the provisions of this chapter relating to the primary has been violated by or in behalf of a candidate *with his knowledge and consent,* may . . . bring a proceeding in equity in the supreme court against the candidate alleged to have violated said provisions *in such manner* . . . if the court shall find that the defendant has *thus* violated any of such provisions, a decree shall be entered disqualifying the defendant from becoming a candidate at the ensuing election." (Emphasis supplied).

It is evident from the wording of this section that a willful violation is required before the court can disqualify a candidate. *Daniell* v. *Gregg*, 97 N. H. 452, 455. This is in accord with N. H. Const., Part I, *Art.* 11th which provides that "no person shall have the right to vote, or be eligible to office under the constitution of this state who shall have been convicted of . . . any wilful violation of the election laws." Contrary to defendant's contention the language of said section 17 which specifically requires a willful violation need not be applied to the other sections. The Legislature had declared by express language its intention to confine the requirement that a violation must be with a candidate's "knowledge and consent" to proceedings for disqualification under that particular section consequently this court cannot enlarge on the legislative intent by interpreting the statute otherwise. 50 Am. Jur., Statutes, *s.* 229, *p.* 215. Those sections which do not provide for disqualification of the person guilty of their violation are not rendered unconstitutional because they do not require a criminal intent. *State* v. *Ryan*, 70 N. H. 196.

The offense with which the defendant is charged is one created by statute and all of its elements are distinctly set out in it. Although the information contains statutory language it describes plainly and specifically the violation with which the defendant is charged, namely, the failure to file the described report on a certain date. It sufficiently apprises the defendant of the offense for which he is charged as well as the manner in which the statute was violated. *State* v. *Davis*, 99 N. H. 88, 89. The defendant

knows what issues he has to meet before the jury. *State* v. *Langelier*, 95 N. H. 97, 99. The information meets constitutional requirements. *State* v. *Ball*, 101 N. H. 62, 63.

*Motion denied.*

All concurred.