Ossipee District Court
No. 78-170

## THE STATE OF NEW HAMPSHIRE

v.

## MELVIN E. AKERS AND MARSHAL H. FOX

March 23, 1979

*Thomas D. Rath*, attorney general (*Edward N. Damon*, assistant attorney general, orally), for the State.

*Randall F. Cooper*, of North Conway, by brief and orally, for the defendants.

GRIMES, J.   The case before us presents an issue of first impression. We are called upon to determine whether, under New Hampshire's Constitution and Criminal Code, parents of minors can be held criminally responsible for their children's offenses solely on the basis of their parental status. We hold that parents cannot be held criminally responsible vicariously for the offenses of the child. N.H. CONST. pt. I, art. 15; RSA 626:1 I.

The defendants are fathers whose minor sons were found guilty of driving snowmobiles in violation of RSA 269-C:6-a II (Supp. 1977)

(operating on public way) and III (Supp. 1977) (reasonable speed).

RSA 269-C:24 IV, which pertains to the operation and licensing of Off Highway Recreational Vehicles (OHRV), provides that "[t]he parents or guardians or persons assuming responsibility will be responsible for any damage incurred or for any violations of this chapter by any person under the age of 18." Following a verdict of guilty for violating RSA 269-C:24 IV, the two defendants waived all right to an appeal de novo to the superior court and all questions of law were reserved and transferred by the District Court (*Schroeder*, J.). The defendants argue that (1) RSA 269-C:24 IV, the statute under which they were convicted, was not intended by the legislature to impose criminal responsibility, and (2) if in fact the legislative intention was to impose criminal responsibility, then the statute would violate N.H. Const. pt. I, art. 15 and U.S. Const. amend. XIV, § 1.

We first address the defendants' claim that the legislature's intention in enacting RSA 269-C:24 IV did not encompass the imposition of criminal sanctions on parents whose minor children have committed violations under chapter 269-C. In considering this claim, we are guided by the legislature's own mandate that in interpreting its enactments, we must construe "[w]ords and phrases . . . according to the common and approved usage of the language." RSA 21:2. *Town of Greenland v. Bunker*, 118 N.H. 783, 394 A.2d 321 (1978). "Our task is to construe the criminal code provisions according to the fair import of their terms and to promote justice." *State v. Doe*, 117 N.H. 259, 261, 372 A.2d 279, 280 (1977), *quoting State v. Partlow*, 117 N.H. 78, 81, 369 A.2d 221, 223 (1977).

The language of RSA 269-C:24 IV, "parents . . . will be responsible . . . for any violations of this chapter by any person under the age of 18," clearly indicates the legislature's intention to hold the parents criminally responsible for the OHRV violations of their minor children.

It is a general principle of this State's Criminal Code that "[a] person is not guilty of an offense unless his criminal liability is based on conduct that includes a voluntary *act* or the voluntary omission to perform an act of which he is physically capable." RSA 626:1 I. (Emphasis added.) *State v. Adelson*, 118 N.H. 484, 389 A.2d 1382 (1978). *See generally United States v. Park*, 421 U.S. 658 (1975). RSA 269-C:24 IV seeks to impose criminal liability on parents for the acts of their children without basing liability on any voluntary act or omission on the part of the parents. Because the statute makes no reference

at all to parental conduct or acts, it seeks to impose criminal responsibility solely because of their parental status contrary to the provisions of RSA 626:1 I.

■ The legislature has not specified any voluntary acts or omissions for which parents are sought to be made criminally responsible and it is not a judicial function to supply them. It is fundamental to the rule of law and due process that acts or omissions which are to be the basis of criminal liability must be specified in advance and not *ex post facto*. N.H. CONST. pt. I, art. 23; *see State v. Harding*, 114 N.H. 335, 320 A.2d 646 (1974).

It is argued that liability may be imposed on parents under the provisions of RSA 626:8 II(b), which authorizes imposing criminal liability for conduct of another when "he is made accountable for the conduct of such other person by the law defining the offense." This provision comes from the Model Penal Code § 2.04(2)(b). The illustrations of this type of liability in the comments to the Code all relate to situations involving employees and agents, and no suggestion is made that it was intended to authorize imposing vicarious criminal liability on one merely because of his status as a parent. MODEL PENAL CODE § 2.04(2)(b), Comment (Tent. Draft No. 1, 1956); W. LAFAVE & A. SCOTT, CRIMINAL LAW § 32 (1972).

■ Without passing upon the validity of statutes that might seek to impose vicarious criminal liability on the part of an employer for acts of his employees, *see Vachon v. New Hampshire*, 414 U.S. 478 (1974); and *Opinion of the Justices*, 25 N.H. 537 (1852), we have no hesitancy in holding that any attempt to impose such liability on parents simply because they occupy the status of parents, without more offends the due process clause of our State constitution. N.H. CONST. pt. I, art. 15.

Parenthood lies at the very foundation of our civilization. The continuance of the human race is entirely dependent upon it. It was firmly entrenched in the Judaeo-Christian ethic when "in the beginning" man was commanded to "be fruitful and multiply." *Genesis* I. Considering the nature of parenthood, we are convinced that the status of parenthood cannot be made a crime. This, however, is the effect of RSA 269-C:24 IV. Even if the parent has been as careful as anyone could be, even if the parent has forbidden the conduct, and even if the parent is justifiably unaware of the activities of the child, criminal liability is still imposed under the wording of the present statute. There is no other basis for criminal responsibility other than the fact that a person is the parent of one who violates the law.

One hundred and twenty-seven years ago the justices of this court in giving their opinions regarding a proposed law that would have imposed vicarious criminal liability on an employer for acts of his employee stated, "[b]ut this does not seem to be in accordance with the spirit of our Constitution . . . ." *Opinion of the Justices*, 25 N.H. 537, 542 (1852). Because the net effect of the statute is to punish parenthood, the result is forbidden by substantive due process requirements of N.H. Const. pt. I, art. 15.

*Exceptions sustained.*

LAMPRON, C.J., and BOIS, J., dissented; the others concurred.

BOIS, J. dissenting:

The majority read RSA 269-C:24 IV in isolation. They conveniently ignore RSA 626:8 (Criminal Liability for Conduct of Another), which provides in subsection II that "[a] person is legally accountable for the conduct of another person when: (b) he is made accountable for the conduct of such other person by the law defining the offense. . . ." RSA 269-C:24 IV is such a law. Imposing criminal liability based on status for certain violations of a mala prohibitum nature does not offend constitutional requirements. *See United States v. Park*, 421 U.S. 658 (1975).

Even if I were to accept the majority's conclusion that the vicarious imposition of criminal liability on parents of children who have committed an OHRV violation under RSA ch. 269-C is constitutionally impermissible, I would still uphold the validity of RSA 269-C:24 IV. A closer reading of this State's Criminal Code belies the majority's reasoning that RSA 269-C:24 IV holds parents of minor offenders criminally responsible for their children's offenses solely on the basis of their parental status. RSA 626:1 I, enunciating the fundamental principle of the Criminal Code, states that all criminal liability must be based on a "voluntary act" or "voluntary omission." When RSA 269-C:24 IV is read in conjunction with RSA 626:1 I, a parental conviction can result only when the State shows beyond a reasonable doubt that a minor child has committed a violation under a provision of chapter 269-C, and that his parent voluntarily performed or omitted to perform an act such as participating in the minor's conduct, or entrusting, or negligently allowing his minor child to operate an OHRV.

When RSA 269-C:24 IV is construed to require a voluntary act or voluntary omission in accordance with RSA 626:1 I, there are no due process infirmities, either under N.H. Const. pt. I, art. 15 or U.S.

Const. amend. XIV, § 1. Culpable intent is not required to impose criminal penalties for minor infractions. "It is well settled in this jurisdiction that the Legislature may declare criminal a certain act or omission to act without requiring it to be done with intent." *State v. Sullivan*, 101 N.H. 429, 431, 146 A.2d 1, 3 (1958); *accord, McIntire v. Borofsky*, 95 N.H. 174, 176, 59 A.2d 471, 473 (1948).

When the legislature imposes criminal responsibility without requiring intent, we will override it only when such imposition violates concepts of fundamental fairness. In the present case, there is a demonstrable public interest to assure the safe operation of OHRVs, and the penalties imposed upon violators of RSA 269-C:24 IV are insubstantial. In such circumstances, we will not second guess the wisdom of the legislature. *See Woolf v. Fuller*, 87 N.H. 64, 68–69, 174 A. 193, 196 (1934).

Public welfare offenses requiring no criminal intent have also been held consistent with the due process requirements of U.S. Const. amend. XIV, § 1. *E.g., United States v. Park*, 421 U.S. 658 (1975); *United States v. Balint*, 258 U.S. 250 (1922). "There is wide latitude in the lawmakers to declare an offense and to exclude elements of knowledge and diligence from its definition." *Lambert v. California*, 355 U.S. 225, 228 (1957). "In vindicating its public policy . . . a State in punishing particular acts may provide that 'he who shall do them shall do them at his peril . . . .'" *Williams v. North Carolina*, 325 U.S. 226, 238 (1945).

LAMPRON, C.J., concurs in this dissent.