586 A.2d 1003

**Ronald KIPPS, President Yale Building Services, Inc., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 29, 1990.

Decided Feb. 5, 1991.

Carol J. Lindsay, Flower, Kramer, Morgenthal & Flower, Carlisle, for appellant.

Bernard A. Podcasy, Asst. Counsel for Employment Sec., Wilkes–Barre, for appellee.

Before SMITH and PELLEGRINI, JJ., and BARRY, Senior Judge.

SMITH, Judge.

Before this Court is an appeal of Ronald Kipps (Kipps) from the February 13, 1990 order of the Court of Common Pleas of Cumberland County which imposed a sentence upon Kipps to pay a fine of $100 and also ordered Kipps to pay the cost of prosecution and to make restitution in the amount of $5,047.65, following his conviction for willfully failing or refusing to pay unemployment compensation employer contributions (UC taxes) under Section 802 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43

P.S. § 872.[1]  Kipps contends in this appeal that the trial court erred in denying his post-verdict motions on December 11, 1989 and questions whether the Commonwealth was required to prove beyond a reasonable doubt Kipps' financial ability to make UC tax payments during the period in question, and if so, whether the verdict was contrary to the weight of the evidence in that the Commonwealth did not present sufficient evidence to prove Kipps' financial ability to pay UC taxes.

Kipps was the president and sole owner of Yale Building Services, Inc. during the four calendar quarters of 1987 and the first and second quarters of 1988, the period of Kipps' non-payment of UC taxes.  On October 27, 1988, the Department of Labor and Industry, Office of Employment Security, filed a summary complaint against Kipps alleging that he failed or refused to pay UC taxes together with interest thereon totalling $21,118.02.  The district justice, following a preliminary hearing, found Kipps guilty as charged and sentenced him to pay a fine of $17,000.  Thereafter, Kipps appealed to the trial court which held a trial de novo on August 1, 1989.  The Commonwealth presented testimony of two tax agents and offered seven exhibits admitted into the record which showed that Kipps did not pay UC taxes for 1987 and the first and second quarters of 1988 despite numerous notices of delinquency and contacts made by the Office of Employment Security.

After the Commonwealth rested its case, Kipps demurred on the basis, inter alia, that the Commonwealth failed to prove that Kipps was financially able to pay the UC taxes. The trial court overruled Kipps' demurrer and found Kipps guilty as charged.  Kipps did not present evidence in his

1. Kipps' actual challenge is to the trial court's December 11, 1989 order denying Kipps' post-verdict motions.  As a general rule, in criminal matters appeal lies only from the trial court's order of sentence and not from the denial of post-verdict motions.  On appeal, however, a defendant may raise all issues presented in post-verdict motions.  Therefore, issues raised in Kipps' post-verdict motions will be considered in his appeal to this Court. *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977); *Commonwealth v. Gumpert,* 354 Pa.Superior Ct. 595, 512 A.2d 699 (1986).

defense. Thereafter, Kipps filed post-verdict motions in arrest of judgment and for a new trial which the trial court denied after oral argument on December 11, 1989. A timely appeal was filed to this Court from the February 13, 1990 order of sentence.

## I

Section 802 of the Law under which Kipps was charged, provides in pertinent part:

> Any employer ... or any officer or agent of such employer ... who *willfully* fails or refuses to make any ... contribution or other payment ... shall, upon conviction thereof in a summary proceeding, be sentenced to pay a fine of not less than fifty dollars nor more than five hundred dollars, and in default of the payment of such fine and costs shall be sentenced to imprisonment for not longer than thirty days. (Emphasis added.)

Kipps contends that the Commonwealth, in order to establish a "willful" failure or refusal to pay UC taxes, must prove beyond a reasonable doubt that he possessed the financial ability to pay UC taxes for the period in question. Kipps asserts that the Commonwealth failed to prove the element of "willfulness" since no evidence was presented at the trial to show Kipps' financial ability. To further support his contention, Kipps relies on Commonwealth Exhibit No. 7, a certified copy of the 1987 Pennsylvania Corporate Tax Report for Yale Building Services, Inc., which shows a loss of $25,443 in 1987 along with gross income and expenditures. The Commonwealth, on the other hand, argues that Kipps' financial ability to pay taxes is irrelevant. Thus, the resolution of the issues raised by Kipps requires this Court to define the term "willfully" contained in Section 802 of the Law.

Since that term is not defined in the Law, this Court is required, pursuant to Section 107(a) of the Crimes Code,[2] 18

---

2. Section 107(a) provides in pertinent part that "[t]he provisions of Part I of this title [§§ 101–1106] (relating to preliminary provisions) are applicable to offense defined ... by any other statute."

Pa.C.S. § 107(a), to resort to Section 302(g) of the Crimes Code, 18 Pa.C.S. § 302(g) for its definition. *Commonwealth v. Sacco*, 366 Pa.Superior Ct. 261, 531 A.2d 1 (1987), *appeal denied*, 517 Pa. 622, 538 A.2d 876 (1988); *Commonwealth v. Kimble*, 323 Pa.Superior Ct. 499, 470 A.2d 1369 (1984). Section 302(g) of the Crimes Code defines the term "willfully" as follows: "[a] requirement that an offense be committed willfully is satisfied if a person acts knowingly with respect to the material elements of the offense, unless a purpose to impose further requirements appears." Further, Section 302(b)(2) of the Crimes Code provides:

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

This Court concludes that under the definition of the term "willfully" applicable to the present controversy, a financial ability to pay is neither a defense nor an element of the offense of willful failure or refusal to pay UC taxes.

In *Commonwealth v. Klinger*, 369 Pa.Superior Ct. 526, 535 A.2d 1060 (1987), *appeal denied*, 520 Pa. 582, 549 A.2d 915 (1988), the defendant was charged with willful failure or refusal to timely pay the fuel use and oil company franchise taxes which were collected from customers and owed to the Commonwealth. The statutes under which the defendant was charged required that a criminal violation be committed "willfully" as in Section 802 of the Law. At trial, the defendant attempted to present a good faith defense by proffering evidence that he fell behind in paying these taxes because of previously incurred substantial financial obligations including taxes owed prior to the period in question. On appeal, the defendant argued that the trial court erred in precluding evidence of a good faith defense.

The Superior Court concluded, however, that since the statute did not provide for such defense to the violations, the trial court did not err in excluding evidence of the alleged good faith and that the trial court correctly relied upon the definition of the term "willfully" provided under Section 302(g) of the Crimes Code.

Similarly, in *Kimble*, the defendant was convicted of willful failure to file sales tax returns and to remit sales tax monies collected as required by Section 7268 of the Tax Reform Code of 1971.[3] The defendant alleged that his failure to remit sales tax monies which he collected was involuntary because the money was in a bank account that had been frozen by the actions of his creditors. The defendant contended that the trial court's jury instruction that an act may be willful despite good faith is tantamount to creating a strict liability crime. The Superior Court rejected the defendant's contention stating:

> We agree with the conclusion reached by the lower court that a charge which would direct the jury to acquit appellant, should it conclude that appellant acted in good faith in refusing to remit sales tax monies to the Commonwealth, was not proper in the case at bar since the criminal statute in question, 72 P.S. § 7268, does not provide for such a 'good faith' defense. We regard the fact that 72 P.S. § 7269 does provide for a limited good faith defense in a limited *civil* context, coupled with the fact that the preceding criminal section presently subject to our scrutiny (Section 7268) is totally barren of such ameliorative language, are reflective of a conscious election by our legislature to limit the application of a good faith defense to civil tax litigation. Section 7268 requires that a violation of its provisions be 'willful.' Insofar as the lower court correctly charged the jury concerning the necessity of a willful failure to remit tax monies as grounds for appellant's conviction, we reject appellant's contention that the court below usurped the function of the jury by removing from its consideration the possible

**3.** Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7268.

good faith of appellant as it may have impacted upon the willfulness and voluntariness of appellant's behavior.

*Id.* 323 Pa.Superior Ct. at 511–12, 470 A.2d at 1376 (footnotes omitted) (emphasis in original).

## II

This Court finds that the holdings in *Klinger* and *Kimble* are dispositive of the issues raised by Kipps. Just as the criminal statutes under consideration in *Klinger* and *Kimble*, Section 802 of the Law does not provide a good faith defense nor include financial ability to pay as one of the elements of the offense charged against Kipps. Consequently, this Court finds the absence of language in Section 802 of the Law, providing a good faith defense or imposing a further requirement upon the Commonwealth to prove a financial ability in addition to the requirement provided in Section 302(g) of the Crimes Code, as an indication of the legislature's conscious election to exclude financial ability as a good faith defense or an element of the offense. *Klinger; Kimble.* Kipps' argument that the Commonwealth is required to prove his financial ability would, if upheld, result in supplying omitted statutory language and not giving existing language its "fair meaning" pursuant to the definition of the term "willfully" provided in the Crimes Code. *Sacco.*

Under the definition of the term "willfully" provided in Section 302(g) of the Crimes Code, the Commonwealth had to prove beyond a reasonable doubt only that Kipps was aware that he was required to pay UC taxes and nonetheless failed to do so. 18 Pa.C.S. §§ 302(b)(2), 302(g). The undisputed testimony presented at trial shows that in February, March and April 1988, Benjamin Calhoun, a tax agent, met in Kipps' place of business to inform him of the delinquencies in UC tax payments and to collect the tax and that Kipps refused, stating that he would not file his tax reports or pay UC taxes since the penalty rate imposed for his non-payment of UC taxes in 1987 was too high. N.T., pp. 7–8. Further, on September 13, 1988, the Office of

Employment Security sent a notice of delinquency to Kipps requesting him to appear at its office to arrange payment of UC taxes due. N.T., pp. 28–29; Commonwealth Exhibit No. 3. Thus, the record amply shows that the Commonwealth met its burden to prove the elements of the offense provided in Section 802 of the Law. Further, criminal intent may be proven by circumstantial evidence. *Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978). *See also Commonwealth v. Wright*, 289 Pa.Superior Ct. 399, 433 A.2d 511 (1981) (evidence that father failed for period of approximately eight months to make court-ordered payment for support of minor son in custody of maternal grandmother was sufficient to enable fact finder to infer "willful" refusal by father to support son). Hence, the trial court did not err in concluding that financial ability is not an element of the offense for which Kipps was convicted.

Kipps cites *State v. Thayer*, 118 N.H. 819, 395 A.2d 500 (1978) and *State v. Adelson*, 118 N.H. 484, 389 A.2d 1382 (1978), wherein the Supreme Court of New Hampshire interpreted a section of the state's Criminal Code, RSA 626:1 I, which required the state to prove "a voluntary omission to perform an act of which one is *physically capable.*" The Court held that the state must establish that at the time the unemployment compensation contributions were due, the corporation possessed sufficient funds to make unemployment contributions and that the lack of funds on such date was the result of deliberate and intentional acts without justification. Cases relied upon by Kipps from other jurisdictions, however, are not controlling as this Court is considering different culpability requirements provided under different criminal statutes.

Kipps also cites *United States v. Poll*, 521 F.2d 329 (9th Cir.1975), which was relied upon by the New Hampshire Supreme Court in *Thayer* and *Adelson*, and involved a prosecution for willful failure to pay income tax. In *Poll*, the Court held that evidence of the taxpayer's financial difficulties was admissible as a defense. The *Poll* holding, however, was later rejected by *United States v. Tucker*,

686 F.2d 230 (5th Cir.1982), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982) and *United States v. Ausmus*, 774 F.2d 722 (6th Cir.1985), which held that as a general rule, financial ability to pay a tax, when it comes due, is not a prerequisite to criminal liability. As the *Ausmus* Court stated, "[o]therwise, a recalcitrant taxpayer could spend his money as fast as he earns it and evade criminal liability while not paying taxes as long as his bank balance is zero when the taxpayer's taxes are due." *Id.* 774 F.2d at 725.[4]

Thus, having concluded that the Commonwealth is not required to prove that Kipps possessed the financial ability to pay UC taxes during the period in question, it is unnecessary to address Kipps' next contention that the verdict was contrary to the weight of the evidence. Accordingly, the trial court did not err in denying Kipps' post-verdict motions, and the order of sentence entered by the trial court must be affirmed.

PELLEGRINI, J., concurs in the result only.

## ORDER

AND NOW, this 5th day of February 1991, the order of the Court of Common Pleas of Cumberland County is hereby affirmed.

---

**4.** To further support his contention, Kipps relies on dictum from the trial court's opinion in *Klinger* wherein the trial court stated that financial circumstances would be relevant if Kipps had failed to pay an income tax, a "non-collected" tax, as opposed to a diesel fuel tax, a "collected" tax. *Commonwealth v. Klinger*, 106 Dauph. 375, 377 (C.P. Pa.1986). This Court finds, however, that Kipps' reliance on the trial court's statement is inapposite since the Superior Court in *Klinger* did not recognize such distinction between a "collected" tax and a "non-collected" tax.